IN THE UNITED STATES DISTRICT

COURT FOR THE DISTRICT OF OREGON

EUGENE DIVISION


KENNETH P.,[1]

       Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION**,**

       Defendant.

Civ. No. 6:23-cv-01832-MTK

**OPINION AND ORDER**

**KASUBHAI**, United States District Judge:

       Plaintiff Kenneth P. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g). For the following reasons, the Commissioner's final decision is REVERSED and REMANDED for an immediate calculation and payment of benefits.

/ / / / /

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

PAGE 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff filed his applications for disability insurance benefits ("DIB") and SSI on January 9, 2017, alleging an onset date of March 3, 2010. Tr.[2] 63. His claims were denied initially and upon reconsideration. Tr. 69, 78. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on October 4, 2018. Tr. 31–62. On December 6, 2018, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 14–30. The Appeals Council denied Plaintiff's request for review on November 25, 2019. Tr. 1–7. Plaintiff then filed an appeal with this court, in which the ALJ's decision was reversed and remanded for further proceedings. Tr. 530. A second hearing was held before an ALJ on July 20, 2023. Tr. 486–508. At the second hearing, Plaintiff withdrew their application for DIB and amended the alleged onset date to June 22, 2017. Tr. 501, 682. On August 4, 2023, the ALJ issued another decision finding Plaintiff not disabled within the meaning of the Act. Tr. 464–75. This appeal followed.

## FACTUAL BACKGROUND

Born in 1979, Plaintiff was 37 years old on his amended alleged onset date. Tr. 63, 682. He has a limited education and is capable of perform his past relevant work as combination saw operator. Tr. 474–75.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such

---

[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If

PAGE 3 – OPINION AND ORDER

not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), which is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141, 107 S. Ct. 2287; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 22, 2017, the amended alleged onset date. Tr. 467. At step two, the ALJ found that Plaintiff had the following severe impairments: remote history of right SLAP tear repair and right labral tear (non-dominant arm), major depressive disorder, recurrent episode – moderate, unspecified anxiety disorder, posttraumatic stress disorder without dissociative symptoms,

cannabis use disorder – severe, rule/out unspecified neurocognitive disorder, and rule/out borderline intellectual functioning. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. *Id*. The ALJ then assessed Plaintiff's RFC and found Plaintiff was capable of performing a full range of work with the following additional limitations:

> [He] can understand, remember, carry out, and persist at simple,
> routine, repetitive tasks, make simple work-related decisions,
> perform work with few if any changes in the workplace, and
> engage in no assembly line pace work. [He] can have no more than
> occasional coworker or public contact.

Tr. 469. At step four, the ALJ determined that Plaintiff is able to perform his past relevant work as a combination saw operator. Tr. 473. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite his impairments, including such floor waxer, cleaner II, and hand launderer. Tr. 474–75. Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. Tr. 475.

## DISCUSSION

Plaintiff argues that the ALJ improperly rejected the medical opinions of Gregory Cole, Ph.D., and Scott Alvord, Psy. D. Pl.'s Br. 2 (ECF 16).[3]

### I.    Medical Opinions

Plaintiff alleges that the ALJ improperly rejected the medical opinions of Gregory Cole, Ph.D., and Scott Alvord, Psy. D. Pl.'s Br. at 2–13. Specifically, he argues that the ALJ failed to

---

[3] Plaintiff also makes an argument regarding the rejection of his subjective symptom testimony. However, Plaintiff does not point to any specific error or evidence that the ALJ failed to take into consideration, nor does Plaintiff plead with any particularity. As such, this court need not address this argument. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

PAGE 5 – OPINION AND ORDER

offer clear and convincing reasons supported by substantial evidence to reject the uncontradicted medical opinions.

The ALJ is responsible for resolving conflicts in the medical record, including conflicting physicians' opinions. *Carmickle*, 533 F.3d at 1164. The law distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *See* 20 C.F.F. § 416.927.[4] The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. 20 C.F.R. § 416.927(c)(2); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where a treating physician's opinion is contradicted by the opinion of another physician, however, the ALJ must provide "specific, legitimate reasons" for discrediting the treating physician's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation omitted).

### A. Gregory Cole, Ph.D.

Plaintiff first argues that the ALJ improperly discredited Dr. Cole's opinion by supplying legally insufficient reasoning, such as Plaintiff exaggerating his reactions at appointments, making contradictory statements, refusing treatment without explanation, having a "robust array of abilities," having normal objective examination results, and presenting with inconsistent abnormalities upon exam. Tr. 472–73; Pl.'s Br. at 9–12. This Court agrees.

---

[4] The Commissioner has issued revised regulations changing this standard for claims filed after March 27, 2017. *See* 20 C.F.R. § 416.920c. Plaintiff's claim was filed before March 27, 2017, and therefore is controlled by 20 C.F.R. §§ 416.927.

Dr. Cole conducted a consultative psychological examination of Plaintiff on March 7, 2023. Tr. 753. Following testing, Dr. Cole opined that Plaintiff had issues with attention and concentration, possessed below average immediate and delayed memory abilities, and has problems managing pain, anxiety, and decreased motivation. Tr. 757. Dr. Cole also provided a functional assessment, noting that Plaintiff has marked limitations in his ability to understand, remember, and carry out complex instructions, ability to make judgments on complex work-related instructions, and his ability to respond appropriately to usual work situations and changes in routine. Tr. 750–51. Furthermore, Dr. Cole noted no evidence of poor effort or inconsistency in completing tasks. Tr. 756.

The ALJ gave Dr. Cole's opinion "limited weight," because Dr. Cole did not have the opportunity to establish a treating relationship, abnormal findings were "completely absent" from the record and Plaintiff's allegations, inconsistency between Dr. Cole's testing and Dr. Alvord's testing, and inconsistencies in the Plaintiff's medical records, including refusal of treatment without adequate explanation, exaggerated responses during appointments, his ability to work during the period at issue, not taking medication, and a "robust array" of daily activities. Tr. 472–73. Plaintiff argues that none of the ALJ's reasoning rises to the level of legally sufficient under the "clear and convincing" standard. Pl.'s Br. at 4–12.

First, the issue of Dr. Cole's treating relationship with Plaintiff is an unreasonable basis for discounting Dr. Cole's opinion. Consultative examinations are almost always one-time evaluations and cannot be discounted on that basis alone, otherwise there would be no point in having these examinations, which often provide insight otherwise not available from more typical medical records.

PAGE 7 – OPINION AND ORDER

Second, the ALJ points to "abnormalities" in Dr. Cole's examination, such as Plaintiff's "profound" tangentiality, impoverished speech, inability to name the date, and inability to spell the word "world." Tr. 472. While the tangentiality and impoverished speech were not observed by Dr. Cole but by Dr. Alvord, the ALJ pointed at these issues as inconsistencies between the two examiners' opinions, further noting that it was odd that these things were not noted in any of Plaintiff's other medical records, that Plaintiff was capable of spelling "world" at one examination but not another, and that Plaintiff provided inconsistent education levels. *See* Tr. 472. It is not clear how these inconsistencies provide a clear and convincing basis for discounting Dr. Cole's opinion, or what parts of Dr. Cole's opinion are invalidated by these inconsistencies.

Third, the ALJ points to inconsistencies in the Plaintiff's medical records as a reason to discount Dr. Cole's opinion. Namely, the ALJ cites Plaintiff's refusal of treatment without adequate explanation, exaggerated responses during examination, his ability to work during the period at issue, not taking medication, and a "robust array" of daily activities. Tr. 473. However, Plaintiff's records refute the ALJ's observations. Plaintiff refused mental health treatment at the time it was offered because he was self-medicating with marijuana, a substance he would be unable to use if he engaged with mental health treatment through a federally funded provider. *See* Tr. 428; *see also* Tr. 44–45. While Plaintiff eventually stopped using marijuana, at the time, the explanation was not an unreasonable one. The ALJ also asserted that Plaintiff takes no medication, yet his records show that, at one point, he took both Hydroxyzine and Xanax. Tr. 366, 721. Furthermore, it was noted by Dr. Alvord that his suspiciousness, paranoia, and possible distrust of authority figures would impact Plaintiff's ability to apply himself to treatment and follow treatment recommendations. Tr. 450. Plaintiff's exaggerated responses during examination was a single instance having to do with his shoulder, and it is unclear how this

PAGE 8 – OPINION AND ORDER

single instance has any bearing on Plaintiff's mental health, especially considering neither of Plaintiff's consultative examiners had any suspicion of exaggeration or lack of effort. Tr. 423, 449, 756. Plaintiff's ability to work is also exaggerated. Plaintiff worked mowing lawns and at UPS for undisclosed, though short, amounts of time. *See* Tr. 449, 499–500. According to Plaintiff, these jobs did not work out due to his anxiety and lack of motivation. Tr. 499. Furthermore, it is unclear how these work attempts undermine Dr. Cole's opinion.

Finally, the ALJ's list of Plaintiff's "robust array" of daily activities, such as living one other individual, the ability to take public transportation, go shopping, visit friends, and maintain a bank account also do not refute Dr. Cole's opinion. Plaintiff has anxiety around multiple people, would struggle taking the bus because of multiple people, shops and visits friends every couple of months, and maintains a bank account. *See* Tr. 494, 756–57. None of these activities contradict Dr. Cole's opinion. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (noting that a "claimant need not vegetate in a dark room in order to be eligible for benefits" (quotation marks omitted)).

Given the above, the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discredit Dr. Cole's opinion.

### B. Scott Alvord, Psy. D.

Plaintiff argues that the ALJ improperly discredited Dr. Alvord's opinion by supplying legally insufficient reasoning, such as Plaintiff exaggerating his reactions at appointments, making contradictory statements, refusing treatment without explanation, having a "robust array of abilities," having normal objective examination results, and presenting with inconsistent abnormalities upon exam. Tr. 472–73; Pl.'s Br. at 9–12. This Court agrees.

Dr. Alvord conducted a consultative psychological evaluation of Plaintiff on September 6, 2018. Tr. 447. Following testing, Dr. Alvord opined that Plaintiff was depressed with a labile affect, had profoundly tangential thought processes for flight of ideas, was slightly paranoid, his speech was rapid, tangential, and impoverished, insight into his own condition was mildly impaired, and his intellectual ability was in the low average range based on fluid tasks, fund of general information, vocabulary usage, and education/occupation history. Tr. 449–50. Furthermore, Dr. Alvord noted that Plaintiff's suspiciousness, paranoia, and distrust of authority figures would make following treatment and treatment recommendations difficult. Tr. 450. Dr. Alvord also provided a functional assessment, noting that Plaintiff had marked limitations in his ability to understand, remember, and carry out complex instructions, ability to make judgments on both simple and complex work-related decisions, moderate limitations in his ability to interact with public, coworkers, and supervisors, as well as moderate limitations in his ability to react appropriately to changes in routine work settings. Tr. 443. Dr. Alvord further noted that Plaintiff would be off-task five percent of the workday and that his mental health issues would cause him to miss work two days a month. Tr. 445.

The ALJ gave Dr. Alvord's opinion "limited weight," because Dr. Alvord did not have the opportunity to establish a treating relationship, abnormal findings were "completely absent" from the record and Plaintiff's allegations, inconsistency between Dr. Avlord's testing and Dr. Cole's testing, and inconsistencies in the Plaintiff's medical records, including refusal of treatment without adequate explanation, exaggerated responses during appointments, his ability to work during the period at issue, not taking medication, and a "robust array" of daily activities. Tr. 472–73. Plaintiff argues that none of the ALJ's reasoning rises to the level of legally sufficient under the "clear and convincing" standard. Pl.'s Br. at 9–12.

Because the reasoning provided for discounting Dr. Alvord's opinion is the same reasoning as that provided for discounting Dr. Cole's opinion, the ALJ's discounting of Dr. Alvord's opinion is equally unsupported for the same reasons and need not be rehashed here. However, the Commissioner made some arguments left unaddressed in the section regarding Dr. Cole. As such, those arguments will be addressed here. Namely, the Commissioner argues that the ALJ properly relied on mild clinical findings showing Plaintiff had normal mood and affect, good eye contact, normal attention span and concentration, was pleasant, engaged, and cooperative with normal thought processing and content, and alert and oriented. Def.'s Br. 6, (ECF 20). The Commissioner also argues that Plaintiff is using the incorrect legal standard of "clear and convincing" rather than "specific and legitimate" because Drs. Alvord and Cole's opinions were contradicted by Agency Dr.s Ju and South, who found no evidentiary basis to impose mental limitations. Def.'s Br. at 9. The Commissioner's arguments are unavailing.

First, Plaintiff's mostly normal findings, in this instance, do not provide a reasonable basis for discounting the opinions of Drs. Alvord and Cole. *See Ghanim*, 763 F.3d at 1164 (rejecting ALJ's reliance on the claimant's "good eye contact, organized and logical thought content, and focused attention" because "[t]hese observations of cognitive functioning during therapy sessions [did] not contradict [the claimant's] reported symptoms of depression and social anxiety"); *see also Claire G. v. Berryhill*, No. 3:18-cv-00492-HZ, 2019 WL 2287733, at *10 (D. Or. May 28, 2019) ("Simply pointing to the instances of noted normal or bright mood do not, without a more thorough discussion, show a contradiction between Plaintiff's testimony and the medical record."). Given that mental health symptoms can also wax and wane over time, it is inadequate to focus on "normal" findings and ignore the rest. *See, e.g., Garrison*, 759 F.3d at 1017; *Colvin*, 763 F.3d at 1164 (explaining that an ALJ may not cherry-pick isolated instances of

PAGE 11 – OPINION AND ORDER

favorable psychological symptoms when the record as a whole reflects longstanding psychological disability); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]tatements must be read in context of the overall diagnostic picture he draws. That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Here, an independent review of the record reflects that Plaintiff's subjective complaints find support in the albeit limited record. *See, e.g.,* Tr. 426 (presenting anxious, restless, and unkempt); Tr. 431 (assessing moderate depression); Tr. 393 (appearing anxious); Tr. 388 (reporting "long history of marked anxiety" and PTSD, "not sleeping due to nightmares," and self-medicating for these conditions); Tr. 366 (prescribing Xanax for anxiety); Tr. 357–58 (reporting "severe anxiety" as reason for visit).

Lastly, the Commissioner's argument regarding the use of "clear and convincing" rather than "specific and legitimate" is without merit. Def.'s Br. at 9. Uncontradicted medical opinions use the "clear and convincing" standard while medical opinions contradicted by another doctor use the "specific and legitimate" standard. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Orn v. Astrue*, 495 F.3d 625, 631–33 (9th Cir. 2007). This argument was not relied upon by the ALJ, making this a post-hoc rationalization this Court cannot consider. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947))*.* Furthermore, the opinions of Drs. Ju and South were afforded no weight and cannot provide the basis upon which the Commissioner relies, especially given that while both doctors believed Plaintiff had no medically determinable mental health impairments, the ALJ found that Plaintiff did have medically determinable mental health impairments, and that neither doctor reviewed any of Plaintiff's records after 2014, meaning that

PAGE 12 – OPINION AND ORDER

Drs. Ju and South could not possibly provide any medical insight into Plaintiff's mental health given that their record review falls outside of the period at issue. *See* Tr. 66, 75, 471.

## II.   Remand

When a court determines the Commissioner erred in denying benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings of the immediate payment of benefits, the Ninth Circuit employs the following "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If all three requisites are met, the court may remand for benefits. *Id*. However, even if all of the requisites are met, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled. *Id*. at 1021.

Here, the first requisite is met because the ALJ erroneously rejected the medical opinions of Drs. Alvord and Cole. Given that this is the second time this case has reached this Court, and the analysis of Dr. Alvord's opinion is again at issue and not contradicted by the second consultative examination provided by Dr. Cole, the Court finds that remanding to allow the Commissioner a third attempt to discount the evidence of mental health impairments in the record serves no "useful purpose." *See Garrison*, 759 F.3d at 1021 (citing *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would

create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.")). Accordingly, the Court finds the record has been fully developed and further proceedings would serve no useful purpose. The third requisite is also met because if the improperly discredited opinions were credited as true, Plaintiff would be disabled on remand. If Dr. Alvord's and Dr. Cole's opinions were credited as true, and the ALJ did consider Plaintiff's cognitive and social limitations in the RFC assessment, a disability finding would be required. At the hearing, the vocational expert ("VE") testified that there would be no available work for an individual who struggled with remaining on task, maintaining a consistent work schedule, and possessed an inability to react appropriately with their supervisor. Tr. 59–61.

If a court concludes, as in this case, that a claimant meets the three criteria of the credit-as-true standard, the improperly discredited evidence is credited as true and remand for an award of benefits is appropriate unless "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled with the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1020–21 (citations omitted). Considering the record as a whole, the Court concludes that there is no reason for serious doubt as to whether Plaintiff is disabled. *See Garrison*, 759 F.3d at 1021; *see also Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (explaining that where each of the credit as true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled"). As such, the Court exercises its discretion and credits the erroneously discredited evidence as true and remands this case for an immediate calculation and payment of benefits.

/ / / / /

/ / / / /

/ / / / /

PAGE 14 – OPINION AND ORDER

## CONCLUSION

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 22nd day of April 2025.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States District Judge